CLD-036                                                **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2843
_____

IN RE: CALEB L. MCGILLVARY,
                                        Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to 1:23-cv-22605)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 21, 2024
Before:  KRAUSE, PHIPPS, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: December 13, 2024)
_____

OPINION*
_____

PER CURIAM

        In November 2023, Caleb McGillvary filed a civil action in the United States

District Court for the District of New Jersey against multiple defendants, accusing them

of being part of a bid-rigging syndicate involved in racketeering activities, money

laundering, and other offenses.  McGillvary was granted leave to proceed in forma

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

pauperis, and the Clerk of Court was directed to issue summonses to be served by the U.S. Marshals Service.

On October 10, 2024, McGillvary filed a petition and supplemental petition for a writ of mandamus asserting, in a conclusory fashion, that the Clerk of Court for the District of New Jersey is obstructing his civil action by refusing to "serve summons and process" on various defendants. 3d Cir. ECF No. 1-1 at 14, No. 3 at 12. As relief, he asks this Court to issue a writ of mandamus ordering the Clerk of Court to serve process on the various defendants.

A writ of mandamus will issue only in extraordinary circumstances. See Sporck v. Pei, 759 F.2d 312, 314 (3d Cir. 1985). McGillvary must show that he has a clear and indisputable right to the relief sought, and that a writ of mandamus from this Court is the only available remedy. See Kerr v. U.S. Dist. Court, 426 U.S. 394, 403 (1976). McGillvary has failed to make such a showing.

McGillvary's assertion that no remedy is available other than a writ of mandamus from this Court is belied by his filings in the District Court, which seek similar relief and remain pending. See D.Ct. ECF No. 262-1 at 2 (motion for miscellaneous relief requesting, inter alia, that the District Court "directly contact the Clerk and Marshal and ensure the Court officers are diligently pursuing service upon the Defendants" for whom McGillvary had provided USM-285 forms); No. 265 (mandamus petition directed to District Court requesting same relief as sought in this Court). As McGillvary has failed

2

to show why the relief sought cannot be obtained through the District Court, where his

motions remain pending, we will deny the petition for a writ of mandamus.[1]

---

[1] We note that McGillvary's conclusory assertions against the Clerk are belied by the fact that, of the twenty-seven defendants named in the mandamus petition, all but eight have made appearances in the District Court through counsel, with most having filed motions to dismiss which remain pending.  See generally, D.Ct. ECF Nos. 29, 43, 50, 57, 64, 69, 88, 92, 108, 128, 149, 177, 193, 218, 237, 245, 246, 252, 255, 267, 270, 282, 291, 292, 294, 295.